IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NARVIN LICHFIELD,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE KUBLER and NETFLIX, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES<br><br>Case No. 2:24-cv-00458-JNP<br><br>Chief Judge Jill N. Parrish |

Narvin Lichfield sued Katherine Kubler and Netflix, Inc. (collectively, the defendants), alleging that a documentary series created by Kubler and streamed on Netflix defamed him. The court determined that the defendants were entitled to relief under both the California Anti-SLAPP Act, CAL. CIV. PROC. CODE § 425.16(b), and the Utah Uniform Public Expression Protection Act (UPEPA), UTAH CODE § 78B-25-103, and dismissed the action. Now before the court is the defendants' motion for an attorney fee award in the amount of $387,712.50 pursuant to both the California Anti-SLAPP statute and Utah's UPEPA. ECF No. 52. The motion is GRANTED IN PART and DENIED IN PART. Rather than the full amount requested by the defendants, the court awards attorney fees in the amount of $160,000.

## BACKGROUND

Both California's Anti-SLAPP Act and Utah's UPEPA are designed to safeguard free speech rights by creating a special procedure to dispose of meritless lawsuits that chill the exercise of those rights. *See* CAL. CIV. PROC. CODE § 425.16(a)–(b); UTAH CODE § 78B-25-103. Under

California law, this procedure is called a special motion to strike, while under Utah law, it is called a special motion for expedited relief. *Id.* Asserting that California law controlled, the defendants moved to strike Lichfield's action under that state's Anti-SLAPP Act. Lichfield argued that Utah's UPEPA should be applied instead. Because the court decided that the defendants were entitled to relief under either the California or the Utah statute, the court did not conduct a choice of law analysis to determine which state's law to apply.

Under both the California and Utah statutes, defendants who prevail on a special motion to strike or a special motion for expedited relief are entitled to recover attorney fees and costs related to the motion. CAL. CIV. PROC. CODE § 425.16(c)(1); UTAH CODE § 78B-25-110. Arguing that they are entitled to an attorney fee award under either statute, the defendants filed the instant fee motion. They request an award of $356,418.50 for work related to their motion to strike (or, alternatively, motion for expedited relief) and $31,294 for work related to the fee motion and reply brief. A total of five attorneys worked on the defendants' motion to strike and motion for attorney fees. Three attorneys are based in Chicago and billed their time at the rates of $865, $725, and $695 per hour. The Chicago attorneys performed the lion's share of the work in this case. Because none of the Chicago attorneys is a member of the Utah bar, this court's local rules required the defendants to retain local counsel as well. In compliance with this rule, two attorneys based in Salt Lake City appeared in this action and billed their time at $795 and $460 per hour. The defendants did not break down the total number of hours that each attorney billed. Instead, they represented that their attorneys billed a total of 491.8 hours on work related to the motion to strike and 42 hours on work related to the fee motion.

Lichfield does not dispute that the California and Utah statutes normally mandate an award of fees to defendants that prevail on a motion to strike or a motion for expedited relief. He argues,

however, that the court should either deny the fee request in its entirety or reduce the amount of any award because the defendants have not shown that their fee request is reasonable.

**CHOICE OF LAW**

In diversity jurisdiction cases, federal courts apply the forum state's choice-of-law rules. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1236 n.7 (10th Cir. 2014). Under Utah law, courts typically determine first whether there is a meaningful difference between the relevant laws of the different states before engaging in a choice of law analysis. *Volonte v. Domo, Inc.*, 528 P.3d 327, 339 (Utah Ct. App. 2023).

Litchfield does not dispute that the attorney hours that form the basis of the defendants' fee request fall within the scope of both the California and Utah Anti-SLAPP statutes. *See S. B. Beach Props. v. Berti*, 138 P.3d 713, 717 (Cal. 2006) ("the fee 'provision applies only to the motion to strike, and not to the entire action.'" (citation omitted)); *Aston v. Chronicle-Progress LLC*, 587 P.3d 981, 990 (Utah 2026) ("[C]ourts must award fees to UPEPA defendants who prevail on a special motion, but the award must be reasonably necessary to prosecute that motion."). Instead, he argues that the fee amount requested by the defendants is not reasonable because the rates charged by the defendants' attorneys are exorbitant and because the hours billed are excessive. The court finds that there is no meaningful difference between the law of California and the law of Utah regarding the calculation of a reasonable fee that affects the outcome of this attorney fee motion. Accordingly, the court again declines to conduct a choice of law analysis.

**ANALYSIS**

Courts applying both California and Utah law consider the number of attorney hours reasonably expended and the reasonable hourly billing rate when determining the amount of a reasonable fee award for a defendant who prevails on a motion to strike or motion for expedited

relief. *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001); *Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988) (cited in *Aston v. Chronicle-Progress LLC*, 587 P.3d 981, 987 (Utah 2026)). Lichfield argues that the fee award requested by the defendants is not reasonable because their counsel billed too many hours at rates that were too high.

## I. REASONABLE HOURLY RATE

The defendants argue that the reasonable hourly rates for the work performed in this case are the rates charged by their attorneys. Lichfield contends that a reasonable rate would be in the neighborhood of $335 per hour. The court rejects both of these proposed hourly rate structures.

First, the court may not consider the rates charged by the defendants' Chicago attorneys to determine the reasonable rate for this case. Under both California and Utah law, the reasonable hourly rate is typically calculated in accord with the prevailing rate in the local community where the case was litigated. *PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000) ("The reasonable hourly rate is that prevailing in the community for similar work."); *Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988) (holding that one of the relevant questions when determining a reasonable attorney fee award is: "Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?"). But in exceptional cases where local counsel is unavailable for the type of litigation at issue, courts have discretion to consider out-of-town hourly rates. *Rey v. Madera Unified Sch. Dist.*, 203 Cal. App. 4th 1223, 1241 (2012); *Gilbert Dev. Corp. v. Wardley Corp.*, 246 P.3d 131, 150 (Utah Ct. App. 2010). Here, the defendants argue that because Lichfield chose to sue a large company with a national reach, he cannot complain when that company hires counsel outside of Salt Lake City. But the defendants do not cite any authority for the proposition that litigants who sue large companies may be subjected to higher attorney fee awards based on an international corporation's ability to retain more expensive counsel located in

other communities. Nor do the defendants argue that they were unable to find Salt Lake City counsel to adequately litigate the Utah state-law claims asserted by Lichfield. Because the defendants have not even attempted to satisfy the standard for receiving an attorney fee award based on out-of-town hourly rates, the court will not consider the rates charged by their Chicago attorneys when fixing a reasonable hourly rate for this case.

That leaves the rates charged by the defendants' local counsel—$795 per hour for the chair of an established Salt Lake City law firm's commercial litigation practice group with over 30 years of experience and $460 per hour for a mid-level associate at that firm—as the two remaining data points proffered by the defendants for determining a reasonable hourly rate for Salt Lake City. The court finds the rate charged by the senior partner to be high. The court does not question this attorney's ability to command this hourly rate or his legal acumen. But the question before the court is not whether the prevailing party's attorney is worth his or her billing rate. Because the party on the losing end of an attorney fee motion does not get to determine whom the opposing party retains as counsel, courts do not simply adopt the billing rates of the attorneys for the prevailing party.[1] Instead, courts must answer the more abstract question of what the reasonable rate is in the community for the type of work performed. *PLCM Grp.*, 997 P.2d at 518; *Dixie State Bank*, 764 P.2d at 990. The court finds that the $795 per hour rate charged by the head of the commercial litigation practice group for a prominent local firm is higher than the reasonable rate for a defamation case in the Salt Lake City legal community.

---

[1] In this case, moreover, local counsel performed only a small fraction of the legal work for which the defendants seek attorney fees.

The data upon which Lichfield relies to support his proposed reasonable rate is also flawed. He attached to his response brief a "Legal Trends Report" published by a company that sells AI software to lawyers. This report contains a chart that purports to list the average hourly rate for attorneys in each state. The chart indicates that the average rate for Utah is $335 per hour. But this hourly rate is for the state as a whole rather than the relevant legal community: Salt Lake City. Moreover, the Legal Trends Report rate does not differentiate between different practice areas. Lichfield's defamation claims raised thorny constitutional issues, which tend to require attorneys who bill at higher-than-average rates. Thus, while the court may consider the average hourly rate for Utah listed in the Legal Trends Report, the court declines to adopt the $335 per hour rate requested by Lichfield.

With the limited information before it, the court determines that $500 is a reasonable hourly rate in the Salt Lake City legal community for the type of work performed by the defendants' attorneys in this case.

## II. REASONABLE NUMBER OF HOURS EXPENDED

The defendants' attorneys billed 491.8 hours for work related to the motion to strike and 42 hours for work related to the fee motion,[2] for a total of 533.8 hours. Lichfield argues that the hours billed in this case are excessive, asserting that (1) the case was overstaffed, resulting in duplicative work, (2) the defendants' attorneys spent too much time on routine tasks and engaged in block billing, and (3) the defendants billed an excessive amount of time for legal research.

[2] Both California and Utah courts award fees for bringing a fee motion after a defendant prevails on an anti-SLAPP motion. *Ketchum v. Moses*, 17 P.3d 735, 747–48 (Cal. 2001); *Aston v. Chronicle-Progress LLC*, 587 P.3d 981, 989–90 (Utah 2026).

Lichfield has not convinced the court that his second and third arguments merit a reduction from the hours billed. But the court agrees that the defendants' attorneys billed more than a reasonable number of hours due to the number of attorneys who worked on the case. A total of five attorneys performed work related to the defendants' motion to strike and attorney fee motion, leading to a considerable duplication of effort. For example, at least four of the defendants' lawyers billed for time spent watching the Netflix documentary that was the subject of this lawsuit. The defendants' lawyers also billed a considerable amount of time for communicating with each other and coordinating their efforts. Multiple lawyers billed time for drafting emails, memos, charts, research summaries, and outlines that other lawyers then spent time reviewing. The defendants' attorneys also spent time in meetings and conference calls with each other. Finally, drafts of court filings were reviewed by multiple attorneys. The court finds that this redundancy in effort increased the total amount of time billed for tasks that could have been performed more efficiently by one or two lawyers. The court also independently notes that 533.8 hours billed for a single motion to strike and a related motion for attorney fees (over three months of work for an attorney to dedicate to a single matter) appears to be more than what would be reasonably required for this case.

Thus, the court determines that a reasonable number of hours to produce the motion to strike and the motion for attorney fees in this case is fewer than the number of hours that the defendants' lawyers billed. The only question remaining is how much of a reduction to make. To resolve this question, the court is not required to comb through the billing records line-by-line. "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rough justice is satisfied by reducing the total number of hours billed (533.8) by approximately 40% to account for the duplication of effort on the part of the

defendants' attorneys. Therefore, a reasonable number of attorney hours required to litigate the defendants' motions comes to 320.

**CONCLUSION**

For the reasons stated above, the court finds that a reasonable hourly rate in this case is $500 and that a reasonable number of hours to litigate the relevant motions is 320. Accordingly, a reasonable attorney fee award is $160,000. The court grants in part and denies in part the defendants' fee motion and awards this amount, rather than the amount that they had requested.

DATED September 17, 2026.

BY THE COURT

Jill N. Parrish
Chief District Court Judge